IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eddie James Pilcher, Jr., | ) | C.A. No.: 2:12-cv-851-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Lt. B. DeGeorgis, Sgt. Arrowood, and Ofc. Eich, *in their individual capacities*, | ) ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On October 26, 2012, Defendants filed a Motion for Summary Judgment. (Dkt. No. 36.) By Order of this court filed October 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 37.) Plaintiff sought–and received–an extension of time to respond to the motion. (Dkt. No. 39; Dkt. No. 40.) Subsequently, Plaintiff filed a Motion to Compel. (Dkt. No. 42.) In an Order dated March 8, 2013, the undersigned denied Plaintiff's newly-filed Motion to Compel, and granted in part and denied in part a previously filed Motion to Compel. (Dkt. No. 45; see also Dkt. No. 33.) Defendants were ordered to supplement certain discovery responses by March 28, 2013. (Dkt. No. 45.) Also on March 8, 2013, the undersigned issued an Order giving Plaintiff through April 17, 2013, within which to respond to the Motion for Summary Judgment. (Dkt. No. 47.) After receiving a letter from Plaintiff, the undersigned issued the following Text Order on April 8, 2013:

> TEXT ORDER re 50 Letter filed by Eddie James Pilcher, Jr. In his 50 Letter dated March 30, 2013, Plaintiff states that Defendants failed to comply with the undersigned's Order dated March 8, 2013. Plaintiff states (verbatim), "The Defendants was suppose to respond to the Judges order on March 28, 2013. This did not happen." (Dkt. No. 50.) Plaintiff states that, as a result, he cannot

respond to Defendants' Motion for Summary Judgment by the deadline of April 17, 2013. (Dkt. No. 50; see also Dkt. No. 47.) In light of the allegations in Plaintiff's 50 Letter, Defendants are ORDERED to file a Status Report, and attach the discovery responses served upon Plaintiff to that report, no later than 5PM on Wednesday, April 10, 2013. Defendants shall also file a Certificate of Service by that time, indicating that the Status Report, and the attachments to that Status Report, have been served upon Plaintiff. AND IT IS SO ORDERED.

(Dkt. No. 51.) The next day, Defendants filed a Status Report. (Dkt. No. 53.)

As instructed, Defendants attached their discovery responses to the Status Report. (See Dkt. No. 53-1.) Defense counsel stated that when he received Plaintiff's letter dated March 30, 2013, he contacted the mail room at Perry Correctional Institution and "was advised by mail room staff that their records indicated that they received correspondence from me addressed to the Plaintiff on April 1, 2013 and delivered the correspondence to the Plaintiff on April 2, 2013." (Dkt. No. 53 at 2.) Defense counsel further stated that he served the discovery responses upon Plaintiff on March 26, 2013. (Dkt. No. 53-1; Dkt. No. 53-2.)

Despite the explanation in the *Roseboro* Order and extensions of time within which to respond, the Plaintiff did not respond to Defendants' Motion for Summary Judgment.

As the Plaintiff is proceeding *pro se*, the court filed an Order on April 9, 2013, giving the Plaintiff through April 29, 2013, to file his response to the Motion for Summary Judgment. (Dkt. No. 54.) That Order specifically provided, "No further extensions will be granted." (Dkt. No. 54 at 2.) The Plaintiff was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute.  The Plaintiff did not respond.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action.

Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

May 3, 2013
Charleston, South Carolina

**Plaintiff's attention is directed to the Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).